UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PATRICIA NSAMWA LUNGU,

                 Plaintiff,

  -against-

NEW ISLAND HOSPITAL/ST. JOSEPH HOSPITAL,

                 Defendant.
-------------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 24 2012 ★
LONG ISLAND OFFICE

CV-11-0755 (SJF)(GRB)

OPINION & ORDER

FEUERSTEIN, J.

On or about February 14, 2011, *pro se* plaintiff Patricia Nsamwa Lungu ("plaintiff")[1] commenced this action against defendant New Island Hospital/St. Joseph Hospital ("the Hospital") alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq.* By opinion and order dated June 4, 2012, I, *inter alia*: (a) denied the motion of Kennedy Mulenga ("Mulenga") to substitute himself and plaintiff's two (2) natural sons, Mitchum Fitchrot Vanrooyen ("Vanrooyen") and Chikulupiliro Musonda Kunda ("Kunda"), for plaintiff pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure; (b) extended the time within which a proper party may move for substitution until July 5, 2012; and (c) advised that the failure of a proper party to move for substitution within the extended time period would result in this action being dismissed in its entirety with prejudice. The Clerk of the Court mailed copies of the June 4, 2012 order to all parties, Mulenga and Vanrooyen, and directed Mulenga to serve a copy of the order upon Kunda

---

[1] Plaintiff subsequently died on December 27, 2011.

1

and to file proof of such service.[2] By order dated July 6, 2012, this action was dismissed in its entirety with prejudice based upon the failure of any proper party to move for substitution pursuant to rule 25(a) of the Federal Rules of Civil Procedure and this Court's June 4, 2012 order. However, on July 5, 2012, the last date on which a proper party could move for substitution pursuant to the June 4, 2012 order, Vanrooyen had filed a motion for an extension of time to move for substitution, which, due to a clerical error, was not docketed until July 6, 2012, after I had issued the order dismissing this action in its entirety. Accordingly, the July 6, 2012 order and subsequent judgment entered thereupon are hereby vacated and this action is reopened for the limited purpose of deciding Vanrooyen's motion for an extension of time.

I. Discussion

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

> "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. *If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.*"

(emphasis added). See Unicorn Tales, Inc. v. Banerjee, 138 F.3d 467, 469-70 (2d Cir. 1998). Since the statement noting plaintiff's death was filed on February 9, 2012, the ninety (90)-day period prescribed by Rule 25(a)(1) has expired.

However, Rule 6(b)(1) of the Federal Rules of Civil Procedure provides:

> "When an act may or must be done within a specified time, the court *may, for good cause*, extend the time: (A) with or without motion or notice if the court

---

[2] Mulenga has failed to comply with that branch of the June 4, 2012 order directing him to file proof of service thereof upon Kunda.

2

>acts, or if a request is made, before the original time or its extension expires; or (B) on motion made after the time has expired if the party failed to act because of excusable neglect."

(emphasis added).

Pursuant to my discretion under Rule 6(b)(1)(A) of the Federal Rules of Civil Procedure, the June 4, 2012 order extended the time within which a proper party may move for substitution under Rule 25(a)(1) of the Federal Rules of Civil Procedure until July 5, 2012 and advised that the failure of a proper party to so move for substitution by that date would result in this action being dismissed in its entirety with prejudice. No motion for substitution pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure was ever filed by a proper party on or before the July 5, 2012 deadline set forth in the June 4, 2012 order. Rather, on the deadline date, Vanrooyen filed the instant motion for an extension of time to file a motion for substitution pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure.

In his motion for an extension of time, Vanrooyen indicates, *inter alia*, that since this Court's June 4, 2012 order, he has petitioned the New York State Surrogate's Court, County of Queens ("the Surrogate's Court"), to be issued letters of administration upon plaintiff's estate and that upon the issuance of such letters of administration, he will seek to be substituted for plaintiff pursuant to Rule 25(a) of the Federal Rules of Civil Procedure. The receipt attached to his application indicates that Vanrooyen did not petition the Surrogate's Court for letters of administration until June 29, 2012, more than six (6) months after plaintiff died and two (2) weeks after this Court's June 4, 2012 order.

Vanrooyen provides no explanation: (a) for the two (2) week delay between this Court's June 4, 2012 order and the date he filed the petition in Surrogate's Court seeking letters of

3

administration; (b) for the six (6) day delay between the date he petitioned the Surrogate's Court for issuance of letters of administration and the date he filed the instant motion seeking an extension of time; or (c) for the six (6) month delay between plaintiff's death and the date he filed a petition in the Surrogate's Court for letters of administration. Nor does Vanrooyen indicate, *inter alia*, any difficulty in seeking appointment of an administrator for plaintiff's estate. Although "difficulty in appointing an administrator could warrant an extension of time under Rule 6(b) where there is a prompt application for such an appointment," Kernisant v. City of New York, 225 F.R.D. 422, 428 (E.D.N.Y. 2005) (emphasis, quotations and citations omitted); see also Zeidman v. General Acc. Ins. Co., 122 F.R.D. 160, 162 (S.D.N.Y. 1988), Vanrooyen has not established that he ever made a prompt application to be appointed administrator for plaintiff's estate, nor any difficulty in doing so. Accordingly, Vanrooyen has not established good cause warranting an extension of time to file a motion for substitution pursuant to Rules 6(b) and 25(a)(1) of the Federal Rules of Civil Procedure.

II. Conclusion

This Court's July 6, 2012 order and the subsequent judgment entered thereupon are vacated; this action is reopened for the limited purpose of deciding Vanrooyen's motion for an extension of time to file a motion seeking to be substituted for plaintiff pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure; Vanrooyen's motion for an extension of time to file a motion for substitution pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure is denied; and this action is dismissed in its entirety with prejudice based upon the failure of any proper party to move for substitution in accordance with Rule 25(a)(1) of the Federal Rules of

Civil Procedure and this Court's June 4, 2012 order. The Clerk of the Court is directed to enter judgment in favor of defendants, close this case and serve notice of entry of this Order upon all parties to this action in accordance with Rule 77(d)(1) of the Federal Rules of Civil Procedure.

SO ORDERED.

_____
SANDRA J. FEUERSTEIN
United States District Judge

Dated: July 24, 2012
      Central Islip, N.Y.